IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ALBERTO JOVEL, MARINA JOVEL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN BERNARDINO, COUNTY OF SAN BERNARDINO, COUNTY OF TULARE, public entities, and DOES 1 through 100, inclusive, <br><br> Defendant. | CIV- F-04-6586 AWI DLB <br><br> ORDER DISMISSING COUNTY OF SAN BERNARDINO DUE TO PLAINTIFFS' RULE 41(a)(1)(ii) VOLUNTARY DISMISSAL <br><br> ORDER DIRECTING PLAINTIFFS TO DISMISS THIS ACTION OR FILE STATUS REPORT WITHIN THIRTY DAYS |

    On February 6, 2006, Plaintiffs filed a notice of voluntary dismissal with prejudice as to only Defendant County of San Bernardino pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The notice is signed by each party who remains in this case.

    Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan

Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(I) dismissals). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because Plaintiffs have filed a stipulation for dismissal with prejudice as to County of San Bernardino under Rule 41(a)(1)(ii) that is signed by all parties who remain in this case, this case has terminated as to the County of San Bernardino. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

With the dismissal of the County of San Bernardino, all served defendants in this action have been dismissed. Plaintiffs are directed to dismiss the remaining action against the Doe Defendants or file a status report indicating Plaintiffs' attempts to locate the Doe Defendants within thirty days.

Therefore, IT IS HEREBY ORDERED that:

1. Defendant County of San Bernardino is DISMISSED from this case in light of Plaintiffs' filed and properly signed Rule 41(a)(1)(ii) Voluntary Dismissal;

2.   Plaintiffs shall file a notice of dismissal of this action or a status report regarding Plaintiffs' attempts to locate the remaining Doe Defendants within thirty days of this order's date of service;

3.   Plaintiffs are forewarned that failure to comply with this order may result in sanctions, including dismissal of this action.

IT IS SO ORDERED.

**Dated:   February 10, 2006**               **/s/ Anthony W. Ishii**
0m8i78                                            UNITED STATES DISTRICT JUDGE